# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RICHARD POKRAS,<br>Petitioner<br>v.<br>SUPERIOR COURT OF LOS ANGELES,<br>Respondent. | Case No. 2:21-cv-03545-JVS (GJS)<br>**ORDER: SUMMARILY DISMISSING PETITION; AND DENYING A CERTIFICATE OF APPEALABILITY** |

On April 23, 2019, Petitioner filed a 28 U.S.C. § 2254 habeas petition in this District Court [Dkt. 1,"Petition"]. The Petition stems from Petitioner's state criminal sentence and, possibly, from the COVID pandemic, as discussed below [Petition at 3.][1]

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires summary dismissal of Section 2254 petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. The Court has carefully considered the Petition and related documents filed by Petitioner, as well as the record, and finds that summary dismissal of this action, without prejudice, is required.

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed, and takes judicial notice of, the dockets available electronically for the Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court.

## BACKGROUND

In 2005, a jury in Los Angeles County Superior Court Case No. NA057095 found Petitioner guilty of second degree murder and found a personal and intentional discharge of a firearm enhancement allegation (California Penal Code §§ 12022.53(b)-(d)) to be true. The trial court separately determined that Petitioner had suffered a prior "strike" felony conviction. Petitioner was sentenced to a total of 60 years to life in state prison.

Petitioner appealed (Case No. B181538). On January 19, 2006, the California Court of Appeal affirmed the judgment. Petitioner filed a petition for review in the California Supreme Court (Case No. S141249). On March 29, 2006, the California Supreme Court denied review without comment or citation to authority.

The California appellate dockets do not show any cases brought by Petitioner other than the above two direct appeal proceedings. A review of the trial court's docket shows a last entry date in August 2019, and it does not show any habeas or other collateral review filings by Petitioner related to the issues raised in the Petition.

Petitioner apparently has pursued some administrative remedies, albeit incompletely. The Petition attaches copies of documents related to a January 2021 initial level grievance filed by Petitioner, which was based on his contention that he is eligible for a parole hearing and possible resentencing under Proposition 57 (discussed below). The grievance was denied on April 2, 2021, based on a finding that Petitioner is ineligible for relief under Proposition 57, because his murder conviction (30-year term) and the imposed Section 12022.53 enhancement (consecutive 25-year term) both constitute violent felonies rendering him ineligible for referral for nonviolent offender parole consideration. [*See* Petition at 10-20.] Although the April 2, 2021 decision advised Petitioner that he could file an appeal with the Office of Appeals of the California Department of Correction and

Rehabilitation ("CDCR"), he has not presented any evidence that he has done so prior to the April 20, 2021 mailing date of the Petition.[2]

As discussed below, the Petition seeks relief based on both California Proposition 57 and California Senate Bill 620. As to the latter, Senate Bill 620 became effective on January 1, 2018, and it amended California Penal Code §§ 12022.5(c) and 12022.53(h) to allow a trial court – at the time of sentencing or resentencing and when in the interest of justice – to strike or dismiss a firearm enhancement otherwise required to be imposed by these two statutes. In November 2016, California voters approved Proposition 57, which made parole more available for certain felons convicted of nonviolent crimes. As implemented in the California Constitution at Art. I, sec. 32(a)(1), Proposition 57 provides: "Parole consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense." Proposition 57, thus, did not mandate that inmates convicted of nonviolent crimes actually be paroled but, rather, that they be eligible for parole consideration once they have completed the required base term.

## PETITIONER'S HABEAS CLAIM(S)

The Petition alleges only a "Ground 1" claim. In the portion of the claim in which a petitioner is required to briefly state the ground for relief, the Petition contains what appears to be pre-printed boilerplate text asserting that unspecified conditions of confinement violate the Eighth Amendment due to the COVID pandemic, because such conditions place a "vulnerable" inmate at a high risk of death or serious health complications. No facts are stated to support this generic allegation and, instead, the preprinted text directs the Court to "see" "Exhibits" and

---

[2] The Petitioner also attaches a March 25, 2021 CDCR grievance receipt acknowledgement form, which indicates that Petitioner submitted a different initial level grievance on March 24, 2021, and that review was to be completed by May 24, 2021. (*See* Petition at 21.) The Petition does not contain any evidence regarding the substance of that grievance.

"Sheets" A-1 through A-4, although these documents are <u>not</u> attached to the Petition. [Petition at 3.]

It is unclear whether Petitioner actually intends to proffer an Eighth Amendment/COVID-based claim for habeas relief or, instead, has simply utilized a preprinted form and added his real claim to it. Petitioner's actual claim seems to be that which is set forth in the Supporting Facts section of Ground 1. Petitioner asks the Court "on its own motion" to exercise its judicial discretion to resentence him – pursuant to Proposition 57 and Senate Bill 620 – by striking the firearm enhancement (and its related lengthy consecutive sentence). He discusses the history of these two state law provisions and asserts, without explanation, that the "Legislature intended" Senate Bill 620 to apply retroactively. Petitioner cites to numerous state court decisions, attaching a copy of one of them to the Petition along with documents related to his sentence and parole eligibility. [Petition at 3-4 and attached documents.]

## DISCUSSION

The Court concludes that the Petition fails on its face, and therefore, its summary dismissal is required pursuant to Rule 4. The Court reaches this conclusion for the following reasons:

### Procedural Defects

The Petition suffers from several procedural defects. First, under Rule 11(a) of the Federal Rules of Civil Procedure, every pleading submitted for filing must be signed by the party personally if not represented. Further, under Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Court ("Habeas Rules"), Petitioner was required to sign the Petition under penalty of perjury. The Petition, however, is unsigned, in violation of both Rule 11(a) and Rule 2(c)(5). Accordingly, under Rule 11(a), the Court "must strike" the Petition unless the defect

is "promptly corrected."

Second, under Rule 2(a) of the Habeas Rules, when a habeas petitioner is in state custody, "the petition must name as respondent the state officer who has custody" of the petitioner. *See also Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). Failure to name a petitioner's actual custodian deprives federal courts of personal jurisdiction over the custodian, and thus, over anyone who can provide habeas relief if granted. *See id.*. The sole named Respondent is the Los Angeles County Superior Court, an entity that does not have custody of Petitioner. The Petition, thus, violates Rule 2(a) of the Habeas Rules.

Third, pursuant to Rule 2(d) of the Habeas Rules, a state habeas petitioner seeking federal habeas relief must present a habeas petition that "substantially follow[s]" the form of petition accompanying the Section 2254 Rules or the form of petition prescribed by a local rule of the pertinent District Court. Local Rule 83-16.1 requires state prisoners seeking federal habeas relief in the Central District of California to utilize the habeas petition form approved and supplied by this District Court (Form CV-69). The Petition violates Rule 2(d), because it is set forth on an incomplete version of a State of California habeas petition form rather than on the Section 2254 habeas petition form required to be used in this District, and it does not include all of the information required under this District's form.

These three defects could be rectified with amendment, and thus, on their own do not require Rule 4 summary dismissal. The Petition, however, suffers from other defects that are dispositive and require dismissal.

**The Exhaustion Problem**

Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005). To satisfy the

exhaustion requirement, a state prisoner must "fairly present" his federal claim to the state courts, that is, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (*en banc*). A state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review). The Court may raise exhaustion problems sua sponte and dismiss a petition summarily for lack of exhaustion. *See Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998).

Petitioner does not allege that he has exhausted the claims raised in the Petition and the record shows that he has not. Petitioner has not filed any collateral action in the California Court of Appeal or the California Supreme Court raising his claims, and thus, he has deprived the state courts of the chance to consider his claims and provide relief if appropriate. While Petitioner has filed an initial level administrative grievance regarding a portion of his sentencing claim, this is not adequate to satisfy the exhaustion requirement for Section 2254 habeas petitions. The Petition, thus, is fully unexhausted.

In this Circuit, a fully unexhausted petition may be stayed pursuant to the procedure explained in *Rhines v. Weber*, 544 U.S. 269 (2005). *See Mena v. Long*, 813 F.3d 907, 908, 910-12 (9th Cir. 2016) (finding the *Rhines* stay procedure for "mixed" petitions to be applicable to fully exhausted petitions). To obtain a *Rhines* stay, a petitioner must show (1) "good cause" for the failure to exhaust the claim at issue; (2) that the unexhausted claim is "potentially meritorious"; and (3) and that Petitioner has not engaged in "intentionally dilatory litigation tactics." *Rhines,* 544 U.S. at 277-78.

The Court renders no opinion on whether or not Petitioner could satisfy the (1) and (3) requirements of *Rhines*. It is plain, however, that *Rhines* requirement (2)

cannot be met, because for the reasons set forth below, the unexhausted claims set forth in the Petition are not potentially meritorious. As a result, the Petition cannot be stayed under *Rhines*, and because it remains fully unexhausted, its dismissal without prejudice is required. *See Rose*, 455 U.S. at 522.

**Lack of Cognizability**

**The Sentencing Claim:**

By what appears to be his primary claim, Petitioner asks the Court to *sua sponte* resentence him by striking the Section 12022.53 firearm enhancement the jury found to be true, which in turn, would cause the related 25 years to life consecutive sentence the trial court imposed to be dismissed. Petitioner asserts that the Court has "judicial discretion" to do so under Proposition 57 and Senate Bill 620. He is mistaken.

With respect to Senate Bill 620, the Petition does not and cannot present any basis for federal habeas relief, because Senate Bill 620 has not been found to be retroactively applicable to defendants who, like Petitioner, have a criminal judgment that became final before Senate Bill 620 went into effect (January 1, 2018). While the California courts have concluded that defendants whose criminal judgments were not yet final as of January 1, 2018, fall within the scope of Senate Bill 620 and may receive a resentencing hearing under its terms,[3] no California court has found that the Senate Bill 620 amendment applies to those defendants, such as Petitioner, whose convictions were final prior to January 1, 2018.

In fact, to date, the California courts have concluded otherwise, finding that Senate Bill 620 is not retroactively applicable to those defendants whose sentences were final at the time it became effective. For example, in *People v. Hargis*, 33 Cal. App. 5th 199, 209-11 (2019), the California Court of Appeal: found that Senate Bill 620 does not – by its terms or operation of law – apply retroactively to defendants

---

[3] *See, e.g., People v. Baltazar*, 57 Cal. App. 5th 334, 337 (2020).

whose criminal judgments are final; and rejected the argument that the provision should be applied retroactively under *In re Estrada*, 63 Cal. 2d 740 (1965), the case on which Petitioner relies here. *In accord*: *Baltazar*, 57 Cal. App. 5th at 340-42 (further finding that no equal protection violation occurs by the failure to apply Senate Bill 620 retroactively); *People v. Fuimaono*, 32 Cal. App. 5th 132, 135 (2019) (finding that the trial court lacked jurisdiction to consider a resentencing request brought under Senate Bill 620 when the defendant's judgment already was final, because the provision does not authorize resentencing after a conviction is final).

Given that, under California law, Senate Bill 620's provisions do not apply to Petitioner, he cannot obtain the relief he seeks from this Court and federal habeas relief must be denied, as Courts in this District have held consistently. *See, e.g., Silas v. Koenig*, No. CV 19-8926-ODW (SS), 2020 WL 6094980, at *5 (C.D. Cal. Oct. 23, 2019) (petitioner's conviction was final before Senate Bill 620 went into effect, and thus, he was not entitled to have it applied to him retroactively), *accepted by* 2019 WL 6053003 (Nov. 15, 2019); *see also Magana v. California*, No. SACV 19-00021-FMO (JDE), 2019 WL 1714549, at *3 (C.D. Cal. Feb. 22, 2019), *accepted by* 2019 WL 1676014 (April 17, 2019); *Chavez v. Baughman*, No. CV 18-08213-DOC, 2018 WL 5734654, at *2 (C.D. Cal. Oct. 28, 2018). For this reason alone, *i.e.,* the lack of retroactive application, the Petition fails on its face to state a cognizable claim based on the relief sought under Senate Bill 620.

The Senate Bill 620 sentencing claim in the Petition fails for an additional reason, namely because, at its heart, it challenges only a matter of state sentencing law. Generally, a claim of this nature is not cognizable on federal habeas review, because it does not give rise to the requisite federal question. *See, e.g., Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Sturm v. California Youth Authority*, 395 F.2d 446, 448 (9th Cir. 1967). Petitioner asks this federal habeas court to apply the above California sentencing law provisions in a manner differently than the California

courts have been willing to do, but absent a basis for finding federal constitutional error, the Court lacks the authority to override the California courts' interpretation and application of California state law. *See, e.g., Godfrey v. Warden PVSP*, No. 20-01381-BLF (PR), 2020 WL 3544980, No. *2 (N.D. Cal. June 30, 2020) (dismissing Section 2254 petition challenging failure to afford Senate Bill 620 resentencing, because the state court's conclusion that Senate Bill 620 does not apply retroactively is an issue of state law that is not cognizable on federal habeas review); *Hurtado v. Sherman*, No. CV 19-06518-MWF (AGR), 2020 WL 5604832, at *4 (C.D. Cal. June 12, 2020) (whether SB 620 applies retroactively or not is a question of California law and does not present a cognizable federal habeas issue), *accepted by* 2020 WL 5604026 (Sept. 17, 2020).

Petitioner's invocation of Proposition 57 fails for the same reason. Claims based on Rule 57 state only a claim of state law error that is not cognizable on federal habeas review. *See, e.g., Johnson v. Federal Court Judges*, No. 2:20-cv-01134-JAK (JDE), 2020 WL 2114931, at *5 (C.D. Cal. March 20, 2020) (summarily dismissing claim brought under Proposition 57, because "the application of Proposition 57 is exclusively a matter of state law" and a claim based on it is not cognizable); *Travers v. People of the State of California*, No. 17-cv-06126-SI, 2018 WL 707546, at *1 (N.D. Cal. Feb. 5, 2018) (summarily dismissing claim based on Proposition 57, because it involves only an asserted violation of California law and federal habeas relief is not available for state law error).

Further, Petitioner's contention that he is entitled to receive resentencing under Proposition 57 fails on its face, because Proposition 57 does not afford California prisoners any vehicle for resentencing. Rather, it creates a mechanism for parole consideration for those prisoners convicted of nonviolent offenses. *See, e.g., Travers*, 2018 WL 707546, at *1 (summarily dismissing claim that petitioner should be resentenced relying on Proposition 57, because it does not provide any basis for resentencing or invalidating a sentence); *see also Moore v. Matteson*, No. CV 20-

9

04516-JGB (DFS), 2020 WL 6363953, at *2 (C.D. Cal. Oct. 28, 2020) (same); *Travers v. California*, No. SACV 17-1518-CAS (FFM), 2018 WL 2357138, at *3-*4 (C.D. Cal. April 11, 2018) (same), *accepted by* 2018 WL 2355979 (May 22, 2018). Petitioner's assertion that the Court has the authority under Proposition 57 to modify his sentence by striking his firearm enhancement is not cognizable, because it is legally baseless.[4]

Petitioner's sentencing claim alleged in the Petition does not state any cognizable basis for federal habeas relief, nor could it do so with amendment. Accordingly, dismissal is required under Rule 4.

**The COVID Claim:**

As noted above, the Petition contains some preprinted text alleging that the Eighth Amendment is violated by an inmate's confinement due to the existence of the COVID pandemic and the dangers that COVID presents for "vulnerable" persons should they become infected. The Petition is bereft of a single *factual allegation* about Petitioner specifically and contains only this barebones and generic assertion. Assuming that Petitioner, in fact, does intend to allege an Eighth Amendment-based habeas claim of this nature, the vague and nonspecific nature of the Petition's allegation does not state any viable basis for federal habeas relief.

In Section 2254 actions, "'notice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Advisory Committee Note to Rule 4 of the Rules Governing Section 2254 Cases (citation omitted); *see also Mayle v. Felix*, 545 U.S. 644, 655 (2005) (quoting this

---

[4] The Court will not address the other apparent roadblock to Petitioner's Proposition 57 claim, namely, that he was convicted of murder and a use of firearm enhancement, neither of which can be deemed to constitute a "nonviolent" offense as required under Proposition 57. While Petitioner relies on *In re Mohammad*, 42 Cal. App. 5th 719 (2019), review granted Feb. 19, 2020, No. S259999, that decision is under review by the California Supreme Court, is contrary to decisions by other California Courts of Appeal, and is readily factually distinguishable from Petitioner's situation.

language when describing the rules governing pleading for Section 2254 habeas petitions as "more demanding" than the notice pleading allowed under Fed. R. Civ. P. 8); *Wacht v. Cardwell*, 604 F.2d 1245, 1247 (9th Cir. 1979) (also citing this language in describing the "specificity requirement" for pleading Section 2254 habeas claims, and stating that this requirement is not satisfied by "[b]ald assertions and conclusory allegations").

The Petition fails to satisfy the above pleading requisites. At most, Petitioner alleges that COVID creates an excessive risk for persons who are medically vulnerable in some respect, which he may claim to be. Petitioner, however, does not allege why he is vulnerable or why the conditions of his confinement are inadequate to protect him, such as what measures are being taken at his prison, whether he has been offered vaccination, and so on. There simply is not enough alleged in the Petition to give rise to the possibility of a viable Eighth Amendment-based habeas claim. These defects, arguably, might be rectified with amendment, but even if Petitioner were afforded leave to do so, the claim would not be cognizable in habeas and dismissal would be required.

Whether prisoner actions asserting violations of their constitutional rights based on the COVID pandemic properly may sound in habeas is an issue in flux. When the Ninth Circuit was presented with the question of whether habeas review is available for claims that COVID conditions at a penal institutional give rise to unconstitutional conditions of confinement, it declined to resolve the issue. *See Roman v. Wolf*, 977 F.3d 935, 941-42 (9th Cir. 2020) (per curiam). Numerous district courts within the Ninth Circuit have concluded that a claim premised on the allegedly unconstitutional nature of the conditions of an inmate's confinement resulting from the COVID pandemic is not cognizable in habeas review notwithstanding that the remedy sought is release.

For example, in *Alvarez v. Larose*, 445 F. Supp. 3d 861, 866 (S.D. Cal. 2020), appealed dismissed, 2020 WL 8374097 (9th Cir. Oct. 15, 2020), the District Court

denied a temporary restraining order sought by federal criminal detainees and convicted defendants who sought 28 U.S.C. § 2241 habeas relief based on the alleged failure to implement adequate measures to protect them with respect to COVID. The Court held that this conditions of confinement claim was not properly raised in habeas, and it specifically rejected the petitioners' argument that because they sought release – a remedy traditionally provided in habeas – they were entitled to proceed in habeas review. The Court reasoned that this argument improperly conflated the nature of the relief sought with the substance of the claim, which was to assert that conditions of confinement were unconstitutional and thus was a claim that should be raised in civil rights rather than habeas. *Id.* More recently and similarly, in *Jackson v. City of Twin Falls*, No. 1:21-cv-00013-BLW, 2021 WL 982307, at *3-*4 (D. Id. March 16, 2021), the Court found that a state inmate's COVID-based claim should have been brought in civil rights rather than habeas. The Court rejected the argument that habeas jurisdiction exists when there is an assertion that there are no conditions of confinement that could satisfy the Eighth Amendment, observing that: "[m[erely alleging that no conditions of confinement could possibly satisfy the Eighth Amendment—an allegation which every inmate could throw into any habeas corpus petition—does not magically transform the nature of a conditions-of-confinement claim"; and "[r]equesting release as the remedy for unconstitutional prison conditions does not render the substantive conditions-of-confinement claim a challenge to the fact of an inmate's confinement."

In *Wilson v. Ponce*, 465 F. Supp. 3d 1037, 1047-49 (C.D. Cal. 2020), appeal dismissed, 2020 WL 6293689 (9th Cir. Oct. 19, 2020) – the Court reviewed the existing caselaw and concluded that inmate claims premised on the asserted dangers and risks posed by COVID are not cognizable as habeas claims. The Court concluded that there is no federal habeas jurisdiction over a claim that release is required due to the institutional conditions caused by the COVID pandemic, because

this claim is not an attack on the validity of the prisoner's confinement or the particulars affecting its duration, the factors needed for habeas jurisdiction to exist.

With one exception noted below, Courts in this District have agreed. *See, e.g.*, *Lustig v. Warden, FCI Lompoc*, No. CV 20-3708-SB (AGR), 2021 WL 1164493, at *1 (C.D. Cal. Jan. 4, 2021) (dismissing Fifth and Eighth Amendment habeas claim based on institutional conditions due to COVID for lack of jurisdiction, finding that it had to be raised in civil rights), *accepted by* 2021 WL 1164474 (March 26, 2021); *Macias v. Bradley*, No. 20-7114-RGK, 2020 WL 6681250, at *3 (C.D. Cal. Nov. 10, 2020) (dismissing habeas claim that petitioner's continued confinement during the COVID pandemic jeopardized his health in violation of the Fifth and Eighth Amendments and seeking home confinement as relief, finding that while the relief sought was "within the ambit of habeas corpus," the claim itself constituted a challenge to the conditions of the petitioner's confinement and was required to be brought through a civil rights complaint, not a habeas petition); *Jackson v. Von Blanckensee*, No. CV 20-4161 PA, 2020 WL 4905527, at *1 (C.D. Cal. Aug. 19, 2020) (habeas claim that the petitioner's confinement violated the Eighth Amendment due to his exposure to COVID dismissed, because it should have been brought as a civil rights claim); *Sweeney v. Herrera*, No. CV 20-0427-CJC, 2020 WL 4980062, at *2 (C.D. Cal. June 8, 2020) (dismissing Eighth Amendment habeas claim seeking immediate release based on COVID conditions at prison, finding that this was a conditions of confinement claim that should be raised through a civil rights complaint); *Bolden v. Ponce*, No. 2:20-cv-03870-JFW, 2020 WL 2097751, at *2 (C.D. Cal. May 1, 2020) (habeas challenge seeking immediate release on the basis that petitioner's life allegedly was endangered by his continued incarceration due to the ongoing COVID pandemic dismissed for lack of jurisdiction, because his claim was a challenge to the conditions of confinement that should be asserted through a civil rights complaint, not in a habeas petition).

Other district courts have found that these types of COVID conditions of confinement claims are cognizable on habeas review. *See, e.g., Torres v. Milusnic*, 472 F. Supp. 3d 713, 724-26 (C.D. Cal. 2020) (finding Section 2241 jurisdiction to exist when the petitioners' claims sought relief from COVID-related conditions at their institution by challenging the "'fact and duration of confinement on the basis that no set of conditions of confinement under the present circumstances could be constitutional'"; reasoning that such a claim challenges the "fact of confinement" for habeas purposes); *Bent v. Barr*, No. 19-cv-6123-DMR, 2020 WL 3640009, at *2 (N.D. Cal. July 6, 2020) (granting a preliminary injunction and finding that habeas jurisdiction existed over claim that challenged the validity of confinement in light of the COVID pandemic). *See also Wilson v. Williams*, 961 F.3d 829, 837-39 (6th Cir. 2020) (Eighth Amendment claim based on prison officials' alleged failure to create safe conditions for prisoners during the COVID pandemic held to be "properly brought under § 2241 because they challenge the fact or extent of their confinement by seeking release from custody," finding dispositive that the petitioners claimed that "there are no conditions of confinement sufficient to prevent irreparable constitutional injury" and, thus, the only relief available was release from prison).

While this issue remains to be resolved at the Circuit level, the Court finds the cases concluding that habeas jurisdiction is not available to be more persuasive in this case. The vague and barebones allegations of the Petition do not establish that there are no conditions of confinement that could not prevent constitutional violation. The Petition does not allege a single fact about the conditions of Petitioner's confinement or his medical status, much less to show that the "only way" to prevent constitutional violation is to release him from his lawful state custody, particularly given Petitioner's failure to first present this issue to the state courts and afford them a chance to rectify any possible constitutional violation. The Petition alleges, at most, that Petitioner is "vulnerable" and COVID puts him at risk as a general proposition, and then draws the barebones conclusion that the only

relief available is immediate release. There may be relief that could be fashioned short of release, however, relief that would be more appropriately considered in a civil rights case. *See Douglas v. Jacquez*, 626 F.3d 501, 504 (9th Cir. 2010) ("The power of a federal habeas court 'lies to enforce the right of personal liberty' . . . [and as] such, a habeas court 'has the power to release' a prisoner, but 'has no other power.'") (citations omitted). There is nothing alleged in the Petition to support a finding that immediate release from an existing conviction and sentence imposed by a state court is the only relief appropriate here and that only habeas review will suffice.

The Court concludes that any COVID-related claim arguably raised through the Petition is not cognizable in federal habeas review. Accordingly, to the extent that the Petition can be construed to plead an extant claim based on the conditions of Petitioner's confinement due to the COVID pandemic, that claim also should be dismissed without prejudice.

\* \* \* \* \*

For the above reasons, Rule 4 requires the summary dismissal of the Petition. Given that Petitioner may wish to pursue his claim(s) in the state courts, that dismissal will be without prejudice. Accordingly, IT IS ORDERED that: the Petition is denied and dismissed without prejudice; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

**IT IS SO ORDERED**.

DATED: May 20, 2021

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE